8466

## FITZGERALD v. J. I. CASE THRESHING MACHINE CO.

PLEADINGS—ANSWER—DEFAULT—EXCUSABLE NEGLECT—PUBLIC POLICY.— A provision in an order allowing a defendant to answer after default that he would not move for continuance when the case was called for trial, is against public policy.

Before MEMMINGER, J., Charleston, August, 1912. Modified.

Action by Kate Fitzgerald, as administratrix of John Fitzgerald, against J. I. Case Threshing Machine Company. Defendant appeals.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood* and *W. A. Holman,* for appellant. *Mr. Holman* cites: *Provision preventing motion for continuance is illegal:* 50 S. C. 403.

*Messrs. Logan & Grace,* contra, cite: *The order was within discretion of Judge:* 38 S. C. 556; 36 S. C. 578, 5 S. E. 478.

March 17, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an appeal from the following order, of his Honor, Judge Memminger:

"Motion for leave to answer, under Code, section 195 (now 225).

"Plaintiff is suing for damages for the death of her husband, caused by a collision with an automobile, alleged to have been under the control of defendant's alleged agents, at Charleston.

"The complaint was served upon said alleged agent, while he was in attendance upon the Court of Sessions at Charleston, awaiting the action of the grand jury upon an indict-

ment, which had been handed out against him, for alleged murder of said plaintiff's intestate, by means of said automobile collision. He reported the service as having been on the 7th instead of the true date, the 5th of June.

"Defendant's attorneys, being advised only of the wrong date, failed to plead in time. Defendant's attorney states, and offers to incorporate in his affidavit his belief, that it has a meritorious defense. Affidavits showing how the error occurred and the extenuating circumstances, were read and will be herewith filed.

"The decision of the Court is, that defendant hereby has leave to answer to the merits, within ten days from the filing. of this order.

"The terms are, that the answer must be to the merits; that the same be docketed for the next approaching term of this Court, for which this order is authority and direction to the clerk; that defendant offer no motion for continuance, but go to trial at said term, if the cause can be brought to trial then; that defendant pay to plaintiff, or her attorneys, the sum of twenty-five ($25) dollars, upon the bringing in of said answer.

"And it is so ordered."

We will first consider the assignment of error: "that the effect of said order was to prevent the defendant from making a motion to set aside the service of the summons, on the ground that R. D. Reid could not be served with legal process, while in the State in attendance upon Court, as a defendant in a criminal case."

In the first place, the decision in another branch of this case, in which the opinion has just been filed, is conclusive of this question; and, in the second place, the order in this respect, was not prejudicial to the appellant, as it has been shown, that even if the Court had granted the plaintiff permission to make a motion, to set aside the service of the summons, it would not have been of any avail to her, as such motion was afterwards made and properly refused.

The exception assigning error, in imposing as a condition, that the plaintiff should not make a motion for a continuance, when the case should be called for trial, must be sustained, as it is against public policy, to prohibit a person from making a motion for a continuance, when he has good grounds, upon which to base the motion, as his rights might otherwise be seriously and irreparably affected.

Under the circumstances it appears to the Court, that the appellant should have twenty days within which to answer the complaint after the remittitur is sent down.

It is the judgment of this Court, that the order be modified in the particulars herein mentioned, and that in all other respects it be affirmed.